Case: 3:06-cv-00745-jcs Document #: 32 Filed: 03/16/07 Page 1 of 11

Document Number 032
Case Number 06-C-0745-S
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
03/16/2007 01:48:37 PM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ZIPHER LTD. and
VIDEOJET TECHNOLOGIES, INC.,

        Plaintiffs,

            MEMORANDUM AND ORDER
v.                            06-C-745-S

MARKEM CORP.,

        Defendant.

---

    Plaintiffs commenced this patent infringement action alleging that defendant's SmartDate 5 thermal transfer printers infringe their United States No. 7,150,572. Jurisdiction is based on 28 U.S.C. 1338. The matter is presently before the Court on defendant's motion to dismiss for lack of subject matter, personal jurisdiction and proper venue or, alternatively, to transfer venue to the United States District Court for the District of New Hampshire pursuant to § 1404(a). The following facts are undisputed for purposes of the pending motions.

BACKGROUND

    Plaintiffs and defendant are direct international competitors in the market for printers which are used to print information such as bar codes the "sell by" date on food packaging.

    Defendant is a New Hampshire corporation with its principal place of business in New Hampshire. Defendant has three employees who reside in Wisconsin, Don Reeder, Barry Stanley and John

Duernberger, and one contract employee, Dan Stack, who sometimes works in Wisconsin. Stanley and Duernberger live in Waukesha and serve customers in Wisconsin as well as elsewhere in the United States. Neither has an office or business phone number in Wisconsin. Reeder is a Hardware Implementer who assists with service and installation of RFID products and lives in Dane, Wisconsin. Reeder does not have an office or business phone number in Wisconsin. Defendant has five customers in Wisconsin. It shipped about fifty printers to Wisconsin between November 2005 and December 18, 2006, including some to an original equipment manufacturer in the Western District of Wisconsin.

In 1996 defendant acquired Prestek, Ltd., a British manufacturer of thermal transfer printers. In about 1999 several former Markem employees left Markem to form plaintiff Zipher, a U.K. company with its principal place of business in Brittingham, England. Between 2003 and 2005 the parties litigated a dispute in the United Kingdom concerning technology ownership related to the invention claimed in the '572 patent.

Plaintiff Videojet has its principal place of business in Wood Dale, Illinois. Videojet markets and sells DataFlex Plus TTO printers developed by Zipher in England using the '572 technology.

The '572 patent issued on December 19, 2006. About one hour after the patent issued plaintiff commenced this action. On the same day Defendant discontinued offering its SmartDate 5 printer

for sale in the Western District of Wisconsin, although it continued to offer the printer for sale in most of the rest of the United States.  On January 5, 2007 defendant filed a mirror image declaratory judgment action against plaintiffs in the United States District Court for the District of New Hampshire.

MEMORANDUM

Defendant argues that the Court lacks subject matter jurisdiction because at the time the complaint was filed there had been no actual infringement.  Alternatively, defendant contends that its contacts with Wisconsin are insufficient to sustain personal jurisdiction and its contacts with the Western District of Wisconsin are insufficient to satisfy venue requirements.  Finally, if all previous arguments fail, defendant seeks a transfer to New Hampshire pursuant to 28 U.S. C. § 1404(a).  Plaintiff asserts that it was jurisdictionally appropriate and within its prerogative to commence this action in the Western District of Wisconsin.

<u>Subject Matter Jurisdiction</u>

This case clearly presents a case or controversy arising under the patent laws and therefore within this Court's jurisdiction pursuant to 28 U.S. C. § 1338.  The premise of defendant's argument to the contrary, that there must have been an actual infringing sale before jurisdiction attaches, is false.  The essence of a

patent is the right to exclude others from profiting by the invention. Dawson Chemical Co. v. Rohm and Haas Co., 448 U.S. 176, 215 (1980). Accordingly, regardless of whether damages were available (because actual sales had been made) at the time the complaint was filed, plaintiffs had an interest in enjoining future sales of the allegedly infringing SmartDate 5 printer which they expressly pursue in their complaint, notwithstanding the lack of any actual infringing sale. Just as a potential infringer may seek relief in the form of a determination of noninfringement prior to making actual infringing sales, so may a patentee sue to prevent future sales. Lang v. Pacific Marine and Supply Co., Ltd., 895 F.2d 761, 764 (Fed. Cir. 1990).

    The relevant inquiry for jurisdictional purposes is whether defendant has engaged in "present activity which could constitute infringement or concrete steps taken with intent to conduct such activity." Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc., 363 F.3d 1361, 1373 (Fed. Cir. 2004). That threshold is met by the fact that defendant has sold the accused product throughout the United States for at least a year prior to the issuance of the '572 patent. There is no suggestion that defendant intended to cease selling the accused printer upon issuance of the '572 patent. Particularly in light of the parties history and knowledge of each other, an actual case or controversy concerning infringement of the '572 patent by SmartDate 5 printers existed the moment the '572 patent issued.

Personal Jurisdiction and Improper Venue

In the present action the motions to dismiss for lack of personal jurisdiction or improper venue overlap.  Venue is proper if the Western District of Wisconsin is "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  There is no evidence that defendant has "an established place of business" in this district.  Accordingly, venue is proper only if defendant is deemed to "reside" in the Western District. "Residence" for purposes of venue, is governed by 28 U.S.C. § 1391(c):

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Accordingly, venue is improper unless defendant is subject to personal jurisdiction in Wisconsin.  However, venue is somewhat more restrictive than personal jurisdiction.  From the undisputed facts it appears that defendant has the most significant Wisconsin

contacts in the Eastern District of Wisconsin where two of its three employees reside.  As a result, venue could only be proper in the Western district if defendant's contacts with the Western District are such that, if the district were itself a state, personal jurisdiction would be satisfied.  Since the venue requirement is more restrictive than the personal jurisdiction requirement, and since either would require dismissal, the Court need only consider the more restrictive.

Personal jurisdiction is available over defendant if it is amenable to service of process under the applicable state long arm statute and if assertion of jurisdiction will not offend the minimum contacts requirement of the Due Process Clause.  <u>Hildebrand v. Steck Mfg. Co., Inc.</u>, 279 F.3d 1351, 1354 (Fed. Cir. 2002). Because there is no evidence that any actual infringing sale has occurred in the Western District, Wis. Stat. § 801.05(4) (local injury, foreign act), is inapplicable since no local injury resulting from infringing sales in Wisconsin has occurred.

The only arguably applicable provision of the Wisconsin long arm statute is Wis. Stat. § 801.05(1):

> A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to 801.11 under any of the following circumstances:
>
> (1) **Local Presence or Status.**  In any action whether arising within or without this state, against a defendant who when the action is commenced:....

>   (d) Is engaged in substantial and not isolated activities within the state, whether such activities are wholly interstate, intrastate, or otherwise.

The Wisconsin long arm statute is intended to reach as far as constitutional due process will allow and is interpreted accordingly. Flambeau Plastics Corp. v. King Bee Mfg. Co., 24 Wis. 2d 459, 464, 129 N.W.2d 237 (1971). While there may be instances where the language of the statute cannot be construed to extend to the limits of due process, such is clearly not the case with § 801.05(1)(d) whose requirement that a defendant's Wisconsin activities be "substantial and not isolated" readily extends to the limits of federal constitutional law of general jurisdiction which requires "continuous and systematic general business contacts." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Under such circumstances the two part inquiry becomes one: "whether an exercise of personal jurisdiction over [the defendants] would offend Due Process." Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Defendant's contacts which might be characterized as "continuous and systematic general business contacts" consist primarily of one Hardware Implementer residing in the district, two other employees residing outside the district but periodically serving clients in the district, at least one OEM customer which makes repeat product purchases and a website accessible from Wisconsin. There is no office or other physical presence in the

7

District.  It is doubtful that these contacts are sufficient to satisfy Due Process requirements.

However, because personal jurisdiction is not required to transfer an action pursuant to 28 U.S.C. § 1404, <u>Coté v. Wadel</u>, 796 F.2d 981, 985 (7th Cir. 1986), and as discussed in detail below, a transfer to New Hampshire is warranted, the Court need not resolve the motion to dismiss for lack of personal jurisdiction or venue, but considers it as a factor in the transfer analysis.

<u>Motion to Transfer Venue</u>

Should defendant's contacts with Wisconsin be deemed sufficient for personal jurisdiction purposes, it is apparent that a transfer of venue to the District of New Hampshire is the most appropriate course.  A motion for change of venue is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is undisputed that this action might have been brought in the United States District Court for the District of New Hampshire. Accordingly, the Court's inquiry focuses solely on "the convenience of parties and witnesses, in the interest of justice."  In ruling on this transfer motion the Court must consider all circumstances of the case, using the three statutory factors as place holders in

8

its analysis.  Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

Overall, it appears that the convenience of the parties will be advanced by a transfer to New Hampshire.  Although the Court does not disregard plaintiffs' preference to try the matter in Wisconsin, it appears that its choice is based more on the perceived speed of the local docket than on convenience to itself.  Plaintiff's relevant principal place of business is England, so that travel to New Hampshire is surely no less convenient than travel to Wisconsin.  Although plaintiff Videojet has offices near Chicago, it appears that employees with relevant testimony reside England.  Meanwhile, New Hampshire is clearly more convenient for the defendant whose headquarters are there and who has initiated a declaratory judgment action in that court.

The convenience of the witnesses appears to align with that of the parties.  Although plaintiffs suggest that the presence of Illinois based Zipher employees and defendant's Wisconsin employees are important it is not readily apparent why this would be so.  These employees are involved in marketing and servicing the products rather than product development.  Of course defendant's suggestion that it will depose these witnesses in Wisconsin will be unaffected by a change in venue.  Finally, while the ability to subpoena non-party witnesses at trial is sometimes an important factor, there is nothing to suggest that critical Wisconsin witnesses will be unavailable for a trial in New Hampshire.

9

The interest of justice factor weighs in favor of transfer. There is no dispute that the pending New Hampshire and Wisconsin actions are mirror images of one another. The interest of justice is undermined by the duplication and waste that occurs in such a situation.

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent.

Ferens v. John Deere Co., 494 U.S. 516, 531 (1990). Accordingly, the interest of justice requires that one case or the other be transferred or dismissed. Although this might be accomplished by enjoining prosecution of the New Hampshire action, the convenience of the parties and witnesses suggests that transfer is preferable.

Additionally, defendant's pending motion to dismiss for lack of personal jurisdiction or venue suggests that the interest of justice would benefit from a transfer of venue. In light of the very limited contacts with the state, it is probable that asserting personal jurisdiction would result in significant legal and judicial costs on appeal and the risk of reversal which could negate and waste the resources expended for the entire matter. Conservation of judicial resources and avoidance of unnecessary legal expenses are advanced by a transfer from a forum in which there is a question of personal jurisdiction to a district in which there are no such uncertainties. 15 C. Wright, A. Miller and E.

Cooper, Federal Practice and Procedure § 3854 at n. 33 and accompanying text (200778).

Plaintiffs selected this Court for the speed of the docket, a factor which is properly considered in the interest of justice analysis. Parsons v. Chesapeake & O. Ry. Co., 375 U.S. 71, 73 (1963). However, in order for that consideration to be relevant, it must be demonstrated that one court is significantly speedier than the other. Plaintiff has made no attempt to demonstrate this. In fact, examination of court statistics indicates that the District of New Hampshire is uncongested and handles its cases expeditiously. There is no reason to believe that it could not expedite this matter should circumstances warrant.

Accordingly, the convenience of the parties and witnesses and the interest of justice compel transfer of this matter to the District of New Hampshire.

ORDER

IT IS ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

IT IS FURTHER ORDERED that this matter be transferred to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1404(a).

Entered this 16th day of March, 2007.

BY THE COURT:

/s/

JOHN C. SHABAZ
District Judge